UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DWAYNE ALLEN BAKER JR.,

      Plaintiff,

v.                                Case No:  8:25-cv-02719-JLB-NHA

UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES,
et al.,

      Defendants.

_____/

**ORDER**

The Magistrate Judge has entered a Report and Recommendation (Doc. 16), recommending that Plaintiff's motion to proceed *in forma pauperis* (Doc. 8) be **DENIED**.  Plaintiff filed an untimely objection (Doc. 18), which the Court exercised its discretion to accept (Doc. 20).

A district judge may accept, reject, or modify the magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1).  The district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *Id.*

Here, after an independent review of the entire record, the Court finds that the thorough and well-reasoned Report and Recommendation is due to be adopted.

To bring a lawsuit *in forma pauperis*, a plaintiff must state a claim upon which relief can be granted that is not frivolous, malicious, or barred by immunity.

28 U.S.C. 1915(e)(2)(B).  Under the doctrine of sovereign immunity, the United States government and its agents are immune from suit, unless the United States expressly waives that immunity.  *United States v. Sherwood*, 312 U.S. 584, 586 (1941).  While the United States has waived its immunity through the Administrative Procedure Act as to non-monetary claims where the "plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required* to take, *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004), the Administrative Procedure Act does not waive immunity where "agency action is committed to agency discretion by law."  5 U.S.C. 701(a)(2).

Here, Plaintiff's objections fail because the Department of Health and Human Service's Office of Civil Rights had discretion under 45 C.F.R. § 160.306(c)(1) to determine whether Plaintiff's claim was one that it needed to investigate.  The text of 45 C.F.R. § 160.306(c)(1) provides, "The Secretary will investigate any complaint filed under this section when a preliminary review of the facts indicates a possible violation due to willful neglect."  As Plaintiff recognizes (Doc. 18 at 1), 45 C.F.R. § 160.306(c)(1) obligates HHS to act only once it recognizes that "a preliminary review of the facts indicates a possible violation due to willful neglect."

Plaintiff argues that sovereign immunity does not bar his APA claim because he contends his claim is "process-only." (Doc. 18 at 1).  He argues that, even if HHS's Office of Civil Rights ultimately did not find merit in his claim, it was required to take administrative steps including "assignment" and "status reporting" to document its enforcement decision.  (*Id.*).  Based on 45 C.F.R. § 160.306(c)(1)

alone, Plaintiff's argument is incorrect because the plain text of the regulation does not mandate that the agency take any particular administrative steps in conducting its preliminary review, and Plaintiff presents no other colorable authority under which the agency "failed to take a *discrete* agency action that it [was] *required* to take." *See Norton*, 542 U.S. at 64.  Accordingly, his objection is overruled.

The Court need not discuss Plaintiff's second and third objections because they essentially ask the Court to grant Plaintiff leave to amend his Complaint as recommended by the Magistrate Judge, which the Court does through this Order.

-   *Rest of Page Intentionally Left Blank*   -

Accordingly, it is **ORDERED** that:

1.    The Report and Recommendation (Doc. 16) is **ADOPTED** and made a part of this Order for all purposes.

2.    Plaintiff's motion to proceed *in forma pauperis* (Doc. 8) is **DENIED**.

3.    Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice**.

4.    The Court grants Plaintiff leave to, within 30 days of the date of this Order, either pay the filing fee or file an amended complaint that cures the problems identified in the Report and Recommendation (Doc. 16) *and* file a new motion to proceed *in forma pauperis* without pre-paying the filing fee.

5.    If Plaintiff fails to take either of the actions mentioned above by the end of the 30-day period provided, the Court may dismiss this case with prejudice with no further notice.

**ORDERED** in Tampa, Florida, on April 6, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE