UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DWAYNE ALLEN BAKER JR.,

Plaintiff,

v. Case No: 8:25-cv-2719-JLB-NHA

UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,

Defendants.
_______________________________________/

**ORDER**

The Magistrate Judge has entered a Report and Recommendation (Doc. 24), recommending that Plaintiff Dwayne Allen Baker, Jr.'s Motion to Proceed *in Forma Pauperis* (Doc. 23) be **DENIED** and that Plaintiff's Amended Complaint (Doc. 22) be **DISMISSED with prejudice** for failure to state a claim. Plaintiff filed an objection (Doc. 25) to the Report and Recommendation.

A district judge may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). The district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*

Here, after an independent review of the entire record, the Court finds that the thorough and well-reasoned Report and Recommendation is due to be adopted, except for the Magistrate Judge's recommendation of dismissal with prejudice.

Plaintiff's Amended Complaint (Doc. 22) asserts two claims against the United States Department of Health and Human Services ("HHS") pursuant to 5 U.S.C. § 706(2)(A). Plaintiff's claims center on his allegations that HHS's Office for Civil Rights did not adequately explain its decision not to investigate his Title VI and Health Insurance Portability and Accountability Act (HIPAA) complaints against several of his medical providers and that HHS mischaracterized his complaints. (*Id.* at ¶¶ 13–42; *see also* Doc. 22 at 14, 16). The Magistrate Judge's Report recommends dismissal with prejudice of Plaintiff's Amended Complaint (Doc. 22), reasoning that because Defendants enjoy sovereign immunity, the Court lacks subject matter jurisdiction to review Plaintiff's claims. (Doc. 24 at 10–15).

Plaintiff articulates seven objections. (Doc. 25). The Court finds merit in only his sixth objection — that dismissal with prejudice would be improper if the Court finds that it lacks subject matter jurisdiction. The Court will discuss each objection in turn.

Plaintiff's first and second objections contend that the Magistrate Judge overextended the agency-discretion exception to apply to all of Plaintiff's claims. (*Id.* at 2–3). Specifically, he contends that although he acknowledges that HHS had discretion whether to investigate his HIPAA complaint under 45 C.F.R. § 160.306, *see Austin v. Atlina*, No. 20-CV-6363-YGR, 2021 WL 6200679, at *2 (N.D. Cal. Dec. 22, 2021), HHS did *not* have discretion to decide not to investigate his Title VI complaints under 45 C.F.R. § 80.7.

As Plaintiff would have it, HHS is mandated to investigate *all* Title VI-related complaints. This interpretation of the governing regulation is incorrect. 45 C.F.R. § 80.7(c) only requires a "prompt investigation" of a Title VI violation when a complaint or other information "indicates a possible failure to comply" with Title VI. *Id.* § 80.7(c). Interpreting this regulation to mean that HHS must conduct investigations for *all* Title VI complaints would require this Court to rewrite this regulation to exclude HHS's initial discretionary determination whether to investigate claims, namely whether complaints, like Plaintiff's here, indicate a possible failure to comply with Title VI. Here, HHS determined that Plaintiff's complaints did not meet this important threshold discretionary determination to trigger an investigation under section 80.7(c). *Id.* Therefore, Plaintiff's first and second objections to the Magistrate Judge's Report and Recommendation finding that the Court lacks subject matter jurisdiction over all of his claims are overruled.

Plaintiff's third and fourth objections turn on the Magistrate Judge's alternative reasoning to support dismissal for failure to state a claim in the event that the Court concluded it has subject matter jurisdiction. (Doc. 25 at 3–4). Even if the Court were incorrect in dismissing this case for lack of subject matter jurisdiction, after careful review of the Magistrate Judge's reasoning to support dismissal on the merits, the Court overrules Plaintiff's third and fourth objections and fully adopts without modification the alternative reasons for dismissal of this case set forth by the Magistrate Judge. (*Id.*).

Plaintiff's fifth objection, like his first objection, argues that his claims are reviewable as challenges to final agency actions, even if HHS's underlying decisions not to investigate were discretionary. Like his first objection, the fifth objection fails in light of 5 U.S.C. § 701(a)(2) because HHS's final action flowed from its discretionary decision not to investigate his claims. Therefore, Plaintiff's challenges to those actions are barred by sovereign immunity.

Plaintiff's sixth objection correctly notes that dismissals for lack of subject matter jurisdiction should be issued without prejudice. *See Dupree v. Owens*, 92 F.4th 999, 1007 (11th Cir. 2024) (citation omitted) ("Dismissals for a lack of jurisdiction are not judgments on the merits and are to be entered without prejudice."). Thus, the Magistrate Judge's Report and Recommendation is sustained but still results in the dismissal of his case.

Plaintiff's final objection seeks review of his financial affidavit in the event the Court decides not to dismiss his Amended Complaint for lack of subject matter jurisdiction. Because the Court holds that it lacks subject-matter jurisdiction and even if it had subject matter jurisdiction, Plaintiff's claims would fail on the merits, this objection is overruled as well.

Accordingly, it is **ORDERED** that:

1. The Report and Recommendation (Doc. 24) is **ADOPTED** and made a part of this Order **for all purposes**, *except* as to the Magistrate Judge's recommendation of dismissal with prejudice.
2. Plaintiff's Amended Complaint (Doc. 22) is **DISMISSED without prejudice** for lack of subject matter jurisdiction.
3. Plaintiff's Motion to Proceed *in Forma Pauperis* (Doc. 23) is **DENIED without prejudice**.
4. The Clerk of Court is DIRECTED to terminate any pending deadlines and motions and close the file.

**ORDERED** in Tampa, Florida, on November 2, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE